UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN RAY MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-0640-JED-PJC |
| | ) |
| BETTY LOUISE VILLA, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court are plaintiff, Justin Ray Morgan's, Motion to Remand (Doc. 7) and the United States Department of Health and Human Services' ("DHHS") Motion to Dismiss and Memorandum in Support (Doc. 11). Plaintiff argues in his motion to remand that this action was improperly removed under 28 U.S.C. § 1442(a) because he did not sue the United States in state court. Indeed, it was non-party DHHS, and not the defendant, Betty Louise Villa, that removed this case to this Court. DHHS argues that its removal is proper because plaintiff's state court personal injury action was in some sense "directed to" the United States in a manner sufficient to invoke § 1442(a). DHHS further argues in its motion to dismiss that the Court lacks subject matter jurisdiction over this action.

The Court held a hearing on February 28, 2013 and requested that the parties submit additional briefing regarding the 2011 amendment to § 1442. The Court has reviewed the parties' supplemental briefs (Docs. 21 and 22) and all other relevant materials and finds that, for the reasons stated below, this case will be remanded to state court.

I.    BACKGROUND

Justin Ray Morgan commenced his personal injury action against Betty Louise Villa in Tulsa County District Court on October 29, 2009. There were no other parties in the case, nor were other individuals or entities joined as parties to the case at any time. On August 17, 2012, the Medicare Secondary Payer Recovery Contractor ("Medicare" for our purposes) sent Morgan a letter demanding payment to satisfy Medicare's lien with respect to services paid for by Medicare. The specific sum Medicare sought in recompense for the services paid for by Medicare was $5,788.22. Shortly thereafter, Morgan and Villa reached a settlement for the limits of Villa's insurance policy, $50,000 – an amount insufficient to satisfy all liens against the settlement proceeds. On October 15, 2012, Morgan filed a motion to allocate settlement funds among the claimants and sent notice to all medical providers and lien holders, which included Medicare. Of note, Morgan explicitly stated in his motion to allocate that Medicare was entitled to receive $5,788.22 from the settlement – the very same amount that DHHS argues Medicare is owed.[1] (*Cf.* Doc. 1, at 1 *with* Doc. 11, at 5). On November 19, 2012, DHHS filed its notice of removal.

II.   ANALYSIS

DHHS' purported basis for removal is 28 U.S.C. § 1442(a), which provides in pertinent part:

> (a) A civil action . . . that is commenced in a State court and that is *against or directed to* any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

---

[1] During the February 28, 2013 hearing, DHHS' counsel acknowledged that there is no dispute as to the amount Medicare is owed. In addition, when questioned, DHHS counsel could not articulate any concrete harm that Medicare had (or would suffer) as a result of the motion to allocate settlement funds being heard by the state court.

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

(Emphasis added). The Supreme Court has made it clear that the purpose of § 1442 – to ensure that federal officials are given the "protection of a federal forum" – "should not be frustrated by a narrow, grudging interpretation." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969).

Plaintiff's motion to remand argues that § 1442 is inapplicable because the United States was not (and is not) a defendant or otherwise joined as a party to the state court action. (Doc. 7, at 2). Morgan relies on the language of § 1442 which requires that a "civil action" be "commenced in a State court" which is "against or directed to" the United States for removal to be proper. (*Id.*). DHHS contends that removal is proper because Morgan's motion to allocate settlement funds was "'directed to' the [United States] within the meaning of 28 U.S.C. § 1442(a)." (Doc. 10, at 2). In addition to the "directed to" language of § 1442(a), DHHS relies on § 1442(d)(1), which states:

> The terms "civil action" and "criminal prosecution" include any proceeding (*whether or not ancillary to another proceeding*) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued. *If removal is sought for a proceeding described in the previous sentence*, and there is no other basis for removal, *only that proceeding may be removed to the district court.*

(*Id.*, emphasis added).

In 2011, § 1442 was amended to add what is now subpart (d)(1) and the phrase "directed to" – the language DHHS touts as permitting removal.[2] It is apparent to the Court that Congress'

---

[2] The 2011 amendment, which became effective on November 9, 2011, added the following definition provision as subpart (c) of § 1442:

3

intent in amending § 1442 was not to provide for removal in a case such as this.  The February 28, 2011 House Report regarding the most recent amendment to § 1442 states unequivocally that "[t]he purpose of the removal statute, clarified by H.R. 368, is to ensure that State courts lack the authority to **hold Federal officers criminally or civilly liable** for acts performed in the execution of their duties." H.R. Rep. 112-17, H.R. REP. 112-17, 1-2, 2011 U.S.C.C.A.N. 420, 420-21 (emphasis added).  The Report goes on to explain the specific scenario which resulted in the 2011 amendment.

Specifically, in recent years, 47 states, including Texas, have enacted pre-suit civil discovery statues which enable a plaintiff to "perpetuate a person's testimony or that of any other person for use in an anticipated suit." *See, e.g.,* Tex. R. Civ. P. 202.[3]  In 2009, a party petitioned to have U.S. Representative Eddie Bernice Johnson of Texas deposed under Tex. R. Civ. P. 202.  H.R. Rep. 112-17.  Representative Johnson invoked § 1442 to remove the case to federal court claiming immunity under the Federal Tort Claims Act.  *Id*.  The federal court granted a motion to remand the case back to state court in accordance with 28 U.S.C. § 1447, reasoning that a pre-

---

> As used in subsection (a), the terms "civil action" and "criminal prosecution" include any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding *a judicial order, including a subpoena for testimony or documents*, is sought or issued. If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court.

(Emphasis added).  This language was moved to subpart (d)(1) of the statute pursuant to the most recent amendment, which became effective on January 2, 2013, but is otherwise unchanged from the 2009 amendment.

[3] Oklahoma has enacted such a statute, 12 *Okla. Stat*. § 3227, which provides that "[a] person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court may file a verified petition in the district court in the county of the residence of any expected adverse party for such perpetuation of testimony…" There was no request for a pre-suit deposition made in the case *sub judice* with respect to any federal officer or agency.

suit deposition under Texas Rule 202 did not amount to a "civil cause of action" required under § 1442. *Id*. This situation illustrated a conflict created by the former language of § 1442: When a plaintiff contemplated suit against a federal officer and initiated pre-suit discovery, the Circuit courts were split as to whether this was a "cause of action" under the statute. *Id*. The 2011 amendments to § 1442 added subpart (c) and the language "directed to" in order to ensure that pre-suit discovery directed to federal officials would be subject to removal. *Id*.

The plain language of § 1442 and its legislative history do not support DHHS' removal of this action from state court. Construing the language of § 1442 in its broadest sense, the United States was not, in any sense, a party to the state court action. Nor could it be said that the action (or any portion of it) was directed to the United States within the intended meaning of the statute's language, as no pre-suit discovery was sought against a United States officer or agency for the purpose of eventually holding such officer or agency civilly or criminally liable. When the plaintiff notified Medicare of the filing of his motion to allocate settlement funds he did not render the United States a party to the litigation or otherwise transform the case into one "directed to" the United States.

The cases relied upon by DHHS in its supplemental brief – *Hoste v. Shanty Creek Management, Inc*., 246 F. Supp. 2d 776 (W.D. Mich. 2002) and *Stanton v. State Farm Mut. Auto. Ins. Co*., 2011 WL 2560323 (June 28, 2011 S.D. Ill.) – do not alter the Court's conclusion. In *Hoste v. Shanty Creek Management, Inc*., the court addressed whether a case had been properly removed by the Secretary of the Department of Health and Human Services under § 1442. However, the circumstances in *Hoste* differed greatly from those presented here. There, the state court had entered sanctions against Medicare for failing to appear at a settlement conference after the state trial judge had issued an order compelling a representative of Medicare to appear. 246

F. Supp. 2d at 799. These sanctions included the enjoining of Medicare from asserting its lien and a potential $30,000 "costs assessment" payable in the event that the lien bar was determined to be unenforceable. While the court did not fully detail its analysis of whether the type of state court proceeding at issue met the requirements of § 1442, it did note that the state court's actions with respect to the government were the rough equivalent of a contempt proceeding and therefore qualified as an "action" within the meaning of § 1442. *Id*. at 782 n.3. *Stanton v. State Farm Mut. Auto. Ins. Co*., is likewise inapposite. In *Stanton*, the plaintiff settled his state court case with State Farm, but refused to permit Medicare to be included as a co-payee on the payment. 2011 WL 2560323, at *1. As a result, the defendant served the Secretary of the Department of Health and Human Services with an interpleader claim and the Secretary removed the action to federal court.[4] *Id*. The plaintiff sought to remand the case on the basis that no federal issue was presented in the case. *Id*. The district court held that no federal issue needed to be presented under §1442 and denied the request for remand. *Id*. at *2.

Neither *Stanton* nor *Hoste* support removal under the factual circumstances presented here, where no sanctions were entered against Medicare in state court and there is no dispute as to the amount Medicare is owed or the plaintiff's willingness to pay that amount. In addition, both cases pre-date the 2011 amendment to § 1442, which inserted the language relied upon by DHHS that, as explained *infra*, clarified Congress' intent with respect to the statute.[5]

---

[4] Illinois' interpleader statute states that "[p]ersons having claims against the plaintiff arising out of the same or related subject matter **may be joined as defendants** and required to interplead when their claims may expose plaintiff to double or multiple liability." IL ST CH 735 § 5/2-409 (emphasis added). Hence, by being served with an interpleader claim, the agency became a party to the action in *Stanton*.

[5] The Court notes that at least two other courts which have considered removal attempts based upon a state court's potential adjudication of amounts owed to Medicare have found a lack of subject matter jurisdiction. *See Wasson v. Sebelius*, 2011 WL 2837882 (E.D. Mo. July 18, 2011)

As noted, following its removal, DHHS sought dismissal of Morgan's motion to allocate settlement funds, arguing that this Court lacked subject matter jurisdiction (Doc. 11).[6] This relief sought by DHHS in this removed action is baffling, especially where there is no appreciable threat of harm to Medicare. In support of its assertion that the Court lacks jurisdiction, DHHS argues that Morgan was required to exhaust his administrative remedies by seeking agency review of his "claim" prior to seeking judicial review. (*Id*., at 9-11). But, as DHHS itself notes, the administrative system of appeals to which it refers is designed for "parties that are dissatisfied with initial determinations by [the Centers for Medicare and Medicaid Services], including its determination of entitlement of money under the [Medicare Secondary Payer] statute." (*Id*., at 4). There is no indication that Morgan was challenging (or otherwise dissatisfied with) the amount Medicare was requesting. Indeed, Morgan's motion to allocate settlement funds requested that the Court order full payment of Medicare's lien (*see* Doc. 1, at 1). Contrary to DHHS' assertion, Morgan's motion to allocate settlement funds did not seek judicial review of Medicare's lien; instead, it sought the state court's determination that other lien holders could be paid on a pro rata basis, in part, so that Medicare could be paid *in full*. Morgan therefore seeks no remedy with respect to the federal government for which administrative procedure can be exhausted.

---

(finding removal improper under § 1442, as case merely involved "an action to apportion proceeds of a settlement pursuant to State law"); *Hensley v. Marion*, 2011 WL 570252 (W.D. Va. Feb. 14, 2011) (finding no basis for removal, but retaining jurisdiction to consider whether sanctions were appropriate).

[6] In its supplemental brief, DHHS articulates that it removed this case to federal court to request the following relief: "this court should dismiss this case as to the United States only, and the case should be remanded to the state court, *absent the United States*, so that any orders issued by the state court will not affect the rights of the United States and the Medicare Program." (Doc. 22, at 5, emphasis added).

7

In addition, were removal of this action permitted under § 1442, a multitude of state court personal injury actions may suddenly become candidates for removal simply by virtue of the fact that state courts are frequently tasked with allocating settlement funds in which Medicare (and therefore the United States) has a stake. *See, e.g.*, Bradford J. Peterson, *Medicare and Future Medical Expenses: Does the "Super Lien" Apply?*, 98 Ill. B.J. 26 (2010) ("Addressing, and ultimately satisfying, Medicare liens in personal injury liability claims is common practice."); *Osorio v. Hasenmeyer*, 2005 WL 408048 (E.D.N.Y. Feb. 16, 2005) ("the Court notes that the vast majority of personal injury lawsuits are litigated in state courts"). Counsel for DHHS and the plaintiff both acknowledged at the February 28 hearing that state courts routinely deal with amounts owed to Medicare in personal injury actions. Plaintiff's counsel further stated that it is common in his practice to seek the state court's involvement in allocating settlement funds and to notify Medicare of such action. The Court cannot logically conclude that Congress intended to inundate the federal courts with removal actions wherein Medicare's rights to settlement proceeds would be determined. And, the propriety of such an action is even more flawed where, as here, DHHS/Medicare is not a party and has no discernable injury of any kind.

Based upon this Court's evaluation of the language of § 1442, its legislative history, and the authorities interpreting the statute, this Court is not convinced that § 1442 was intended to apply in the circumstances presented in this case. Accordingly, DHHS' removal of this action pursuant to § 1442 was improper.

**IT IS THEREFORE ORDERED** that Morgan's Motion to Remand (Doc. 7) is **granted**. The Court hereby orders the Court Clerk to **remand** this case to the Tulsa County District Court.

9

**IT IS FURTHER ORDERED** that DHHS' Motion to Dismiss and Memorandum in Support (Doc. 11) is denied as **moot**.

**IT IS SO ORDERED** this 5th day of April, 2013.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

9